2:19mj542   OCT 1 8 2019

# AFFIDAVIT IN SUPPORT OF APPLICATION
# FOR ISSUANCE OF A CRIMINAL COMPLAINT

I, Paul G. Wolpert, being first duly sworn state:

1. I am a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), currently assigned to the Office of the Assistant Special Agent in Charge (ASAC), Norfolk, Virginia. I have been so employed since April 2002. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, 2252A and 2423. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography[1] (as defined in 18 U.S.C. § 2256(8)) in all forms of media including computer media. I am also a certified forensic computer examiner for HSI.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. I have conducted an investigation of the offenses described in this affidavit. As a result of my investigation, a review of reports made by other law enforcement officers, and in speaking with other law enforcement officers who have been involved in the investigation, I am familiar with the circumstances of this on-going investigation. I have not included each and every fact known to me in this affidavit, but only the facts I believe are necessary to establish probable cause to believe JOSHUA RAY HATFIELD has engaged in the crimes of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Engaging in Illicit Sexual Conduct in Foreign Places, in violation of 18 U.S.C. § 2423(c).

## PERTINENT FEDERAL CRIMINAL STATUTES

4. 18 U.S.C. § 2422(b) provides that any person who uses the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be punished.

5. Virginia Code § 18.2-374.3(D) prohibits any person who uses a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any child he knows or has reason to believe is at least 15 years of age but younger than 18 years of age to knowingly and intentionally commit any of the prohibited activities listed below if the person is at least seven years older than the child. The prohibited activities include:

---

[1] I use the terms "child pornography" and "visual depictions/images of minors engaging in sexually explicit conduct" interchangeably in this Affidavit.

Expose his sexual or genital parts to any child to whom he is not legally married or propose that any such child expose his sexual or genital parts to such person;

Propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child;

Propose to such child the performance of an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus or any act constituting an offense under § 18.2-361; or

Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any purposes set forth in the preceding subdivisions.

6. Virginia Code § 18.2-371 prohibits any person 18 years of age or older from engaging in consensual sexual intercourse or anal intercourse with or performing cunnilingus, fellatio, or anilingus upon or by a child 15 or older that is not his spouse, child or grandchild.

7. 18 U.S.C. § 2423(c) provides that any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be punished.

8. 18 U.S.C. § 2423(f) defines "illicit sexual conduct" as including a sexual act (as defined in 18 U.S.C. § 2246) with a person under 18 years of age that would be violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States.

9. 18 U.S.C. § 2243 of Chapter 109A of Title 18 of the United States Code provides that whoever in the special maritime and territorial jurisdiction of the United States knowingly engages in a sexual act with another person who has attained the age of 12 year but has not attained the age of 16 years and is at least four years younger than the person so engaging, or attempts to do so, shall be punished.

10. 18 U.S.C. § 2246 defines a "sexual act" as including:

Contact between the penis and the vulva or the penis and the anus;

Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

The penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

The intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

## PROBABLE CAUSE TO ARREST JOSHUA HATFIELD

11. In August 2019, the HSI Attaché London received information from the Derbyshire Police Department in the United Kingdom who wanted to report that an adult United States citizen traveled to the United Kingdom and engaged in sexual acts with a 15-year-old girl (JD1) with whom he had been having an online relationship. The sexual acts took place at JD1's residence between on or about May 4-8, 2019.

12. The suspect's name, JOSHUA RAY HATFIELD, was provided to the police shortly after HATFIELD returned to the United States, and contacted JD1, informing her that he had contracted Chlamydia from an ex-girlfriend. JD1 told her mother she needed to go to the doctor after having symptoms of Chlamydia.

13. Originally, JD1 told her mother that HATFIELD was 17 years old. In fact, HATFIELD was 22 years old at the time of the visit to JD1.

14. The Derbyshire Police Department investigator interviewed JD1 about her involvement with HATFIELD. JD1 stated she had been communicating with HATFIELD for approximately one year starting when she was 14 years old. JD1 stated she told HATFIELD her true age and he knew how old she was when they started communicating. JD1 stated she believed they were in a real relationship and still felt that way and did not want to get him in trouble. JD1 stated their communications were conducted over text messaging and phone calls. JD1 stated their communications involved the discussion of engaging in sexual intercourse when they finally met. JD1 did not state if any indecent images or videos were exchanged between her and HATFIELD.

15. JD1's cousin was interviewed and provided a statement of what she observed on JD1's cellphone prior to turning it over to the Derbyshire Police Department investigator. The cousin relayed that JD1 attempted to erase her social media apps that were used to communicate with HATFIELD. The cousin reinstalled the apps and was able to see conversations on Snapchat, Whatsapp, and Facetime. The cousin viewed the Snapchat communications and observed messages about scheduling Facetime as well as discussions that were sexual in nature. The cousin stated shortly after, someone logged into the account and deleted the messages. The cousin stated the messages she observed in Whatsapp between JD1 and HATFIELD were also sexual in nature, specifically detailing the sexual acts they had engaged in.

16. The Derbyshire PD investigator obtained JD1's cellphone and obtained an image of the contents. I reviewed the contents and found images of HATFIELD and JD1 together. I also saw text messages discussing HATFIELD and JD1 engaging in sexual acts and the discovery of the STD. I also discovered HATFIELD's contact information. The information provided an address of 33416 Joyners Bridge Road, Franklin, VA, and a phone number of +17575108005. An example of the text messages:

3

5/9/2019 – HATFIELD; It felt amazing being able to cum inside you (emojis)

5/9/2019 – JD1; It felt amazing to feel your hot cum inside me for the first time especially knowing you're the only man who can and will ever finish me (emojis)

17. I obtained travel records for HATFIELD's travel to the United Kingdom. The records indicated that HATFIELD traveled by air from the Eastern District of Virginia and exited the US on May 3, 2019, from Boston, and arrived in the morning of May 4, 2019, in Dublin, Ireland. HATFIELD then returned to the U.S. on May 8, 2019, returning from Manchester, England, via Florida, and then back to the Eastern District of Virginia by air travel.

18. I conducted a records check with the Virginia DMV and discovered that HATFIELD was registered at the Joyners Bridge Road address.

## CONCLUSION

19. Based on the information and evidence set forth above, I respectfully submit that there is probable cause to believe that JOSHUA RAY HATFIELD has committed the following offenses: 1) from on or about May 4, 2018, through on or about May 9, 2019, in the Eastern District of Virginia and elsewhere, using a facility or means of interstate or foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who has not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, namely a violation of Virginia Code §§ 18.2-374.3(D) and 18.2-371, or attempted to do so, in violation of 18 U.S.C. § 2422(b); and 2) on or about May 4, 2019, to on or about May 8, 2019, in the Eastern District of Virginia and elsewhere, JOSHUA RAY HATFIELD traveled in foreign commerce and resided in a foreign country and engaged in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(c).

20. Accordingly, I request that a complaint be issued charging JOSHUA RAY HATFIELD with such offenses.

FURTHER AFFIANT SAYETH NOT.

Special Agent Paul Wolpert
Department of Homeland Security
Homeland Security Investigations
Norfolk, Virginia

SUBSCRIBED and SWORN before me on this 18th of October 2019.

UNITED STATES MAGISTRATE JUDGE

4